IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 4, 2018

**STATE OF TENNESSEE v. TIMOTHY R. MANESS**

**Appeal from the Circuit Court for McNairy County**
No. 3387      J. Weber McCraw, Judge

_____

**No. W2017-01221-CCA-R3-CD**

_____

The Defendant, Timothy R. Maness, appeals his convictions for one count of rape, one count of misdemeanor assault, one count of incest, and two counts of sexual battery, arguing that the evidence was insufficient to support his convictions. The Defendant filed an untimely notice of appeal, and the interest of justice does not support waiver of the timely filing requirement. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Bo Burk, District Public Defender; David S. Stockton, Assistant Public Defender, for the appellant, Timothy R. Maness.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Mark E. Davidson, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial, the Defendant was convicted of one count of rape, one count of misdemeanor assault, one count of incest, and two counts of sexual battery and received an effective sentence of twenty years. The Defendant's motion for new trial was timely filed, and the trial court's order denying the motion was filed on February 24, 2017. The Defendant's notice of appeal was filed on June 15, 2017.

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Rule 4(a) also allows for this court to waive the timely filing requirement "in the interest of justice." This court considers "the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors" in determining whether waiver is appropriate. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). The Defendant has the burden of establishing that waiver is appropriate. *State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017), *no perm. app. filed.*

Our review of the record shows that the Defendant's motion for new trial was denied on February 24, 2017. His notice of appeal was filed on June 15, 2017, well exceeding the time to file. The Defendant does not address the timeliness of his motion for new trial in his brief. In fact, the entire argument section of his brief consists of one sentence: "The [Defendant] submits that a review of the proof will show that the evidence was not sufficient inasmuch as the only evidence of any sort of misconduct was from the witness alone and was without corroboration of any kind as to the assaults." The argument section is devoid of any citation to the record or to any statute, case law, or rule. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

In light of the Defendant's failure to present any basis upon which this court may find that the "interest of justice" merits a waiver, we decline to waive the late filing of the notice of appeal. Accordingly, we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE